IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZAINEB ALANI, | : | |
| Plaintiff, | : | Case No. 2:10-cv-991 |
| vs. | : | Judge Frost |
| JP MORGAN CHASE & CO., | : | Magistrate Judge King |
| Defendant. | : | |

## PROTECTIVE ORDER

WHEREAS, Defendant JPMorgan Chase Bank, N.A. (named incorrectly herein as "JPMorgan Chase & Co.") ("the Bank") has sought from Plaintiff Zaineb Alani ("Plaintiff") certain medical records ("Medical Records") of Plaintiff, which Plaintiff considers to be confidential to her;

WHEREAS, this confidential information should be given the protection of an Order to prevent it from being disseminated or used outside this litigation;

WHEREAS, the Parties have stipulated and agreed, through their respective undersigned counsel, to the following terms regarding the disclosure herein of confidential information; and

For good cause shown;

IT IS on this 8th day of August, 2011 HEREBY ORDERED:

1. Scope. This Protective Order ("Protective Order") specifically governs the production, use and handling of Medical Records for Plaintiff.  "Medical Records," as it is used herein, means all documents related to Plaintiff's physical or mental health diagnosis or treatment, including histories, findings, x-rays, diagnoses, office notes, doctor's notes, hospital notes, staff notes, and admissions, doctor, hospital and other medical reports.

2. Procedure for Designating Medical Records as "Confidential Information." Medical Records produced by Plaintiff to Defendant shall be marked by Plaintiff with the legend

"Confidential." Medical Records produced directly to Defendant by medical providers by way of medical records releases, shall be marked by Defendant with the legend "Confidential", and a copy of such Medical Records will be provided to Plaintiff.

    a.    *Deposition Transcripts.*  If Medical Records for Plaintiff are used as exhibits in a deposition, the Parties agree that the transcript, or portions of the transcript, and all copies shall be marked with the legend "Confidential."  Plaintiff has the responsibility of marking the pages with this designation.

    b.    *Filings.*  If Medical Records for Plaintiff are contained in material to be filed with the Court, the material shall be filed in a sealed envelope or other container marked on the outside with the caption, identifying each item contained within, and a statement as follows: **"CONFIDENTIAL INFORMATION – SUBJECT TO A PROTECTIVE ORDER."** Alternatively, if only portions of a deposition transcript are marked as confidential, those portions may be redacted from the transcript before filing.

    3.    <u>Restrictions on Use and Disclosure of Protected Information</u>.  Medical Records shall be used solely in connection with and only as necessary to the litigation of this matter and any related appellate proceeding and not for any other purpose, whether business or social in nature.  The substance or content of Medical Records may only be disclosed to people listed in this paragraph pursuant to the terms and conditions of this Protective Order.

    a.    Medical Records may be disclosed to:

        i.    The Judge presiding over this lawsuit, his staff attorney(s) and bailiff(s), and any stenographic reporters, to the extent necessarily incident to the litigation of this action;

2

        ii.        The attorneys who are signatories of this Protective Order, together with their respective partners, associates, clerks, legal assistants, secretaries and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of this lawsuit;

        iii.        The Parties, to the extent necessarily incident to the litigation of this action; or

        iv.        Copying services, experts, investigators and consulting attorneys.

b.        Medical Records may also be disclosed to, but copies of such documents shall not be given to, prospective witnesses who may have relevant information regarding the information. Counsel shall inform such persons of this Protective Order and its contents.

4.        <u>Use of Medical Records at Deposition, Hearing, or Arbitration</u>. Whenever Medical Records to be referred to or disclosed in a deposition or hearing, Plaintiff may exclude from the room any person who is not entitled to receive such Medical Records pursuant to this Protective Order. Use of Medical Records during litigation will be subject to the ruling by the presiding judge. This agreement does not affect the use of any documents or information at trial.

5.        <u>Custody of Medical Records.</u> Medical Records and any copies or extracts thereof shall be retained in the custody of the attorneys of record during the pendency of this lawsuit except as reasonably necessary to provide access to persons authorized under the provisions of this Protective Order.

6.        <u>Procedure on Termination of Action</u>. Within 30 days of the final termination of this lawsuit, whether by judgment, settlement or conclusion of proceedings on appeal, Defendant shall return any material containing Medical Records to Plaintiff. Notwithstanding the foregoing, the attorneys of record may retain all correspondence, depositions, pleadings, briefs,

memoranda, motions and other documents containing attorney-client privileged materials and/or attorney work product that refers to or incorporates the Medical Records and will continue to be bound by the terms of this Protective Order with respect to the retained information.

    7.    <u>Effective Date.</u>  This Protective Order shall become effective immediately upon its entry by the Court in this Action.

    8.    <u>Civil Rule 26(c).</u>  The provisions of Civil Rule 26(c) apply to any motion brought by the party seeking to remove the confidential designation from any document.

***APPROVED:***


*/s/ Jennifer Nimer (per email 8/4/11)*
Romin Iqbal (0080146)
Jennifer Nimer (0079475)
CAIR-Ohio
1505 Bethel Rd., Suite 200
Columbus, Ohio 43220
Telephone: 614.451.3232
Facsimile: 614.451.3222
E-mail: rominiqbal@yahoo.com;
jnimer@cair.com
*Attorneys for Plaintiff*


*/s/ Natalie McLaughlin*
Angelique Paul Newcomb (0068094)
Natalie McLaughlin (0082203)
LITTLER MENDELSON
21 East State Street
16th Floor
Columbus, OH 43215
Telephone: 614.463.4201
Facsimile: 614.221.3301
E-mail: anewcomb@littler.com;
nmclaughlin@littler.com
*Attorney for Defendants*

4

***SO ORDERED***

*s/ Norah McCann King*
Judge Norah McCann King

Firmwide:102991766.1 067786.1007
8/4/11